UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-6361-VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN MALONEY BROWN,

    Defendant.

_____

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on August 17, 2016, the undersigned held a hearing to determine whether the Defendant STEPHEN BROWN should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at trial and the safety of the community. Therefore, it is hereby ordered that the Defendant Stephen Brown be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.** The Defendant is charged by way of criminal complaint with attempted possession with

intent to distribute approximately 500 grams of heroin, in violation of 21 U.S.C. § 841. This charge carries a maximum prison term of forty years, with a minimum of five years' imprisonment.  If the Government elects to file a second-offender information under 21 U.S.C. § 851, the minimum would increase to ten years, and the maximum would be life imprisonment.  A rebuttable presumption arises based upon a probable cause finding that the Defendant committed an offense under Title 21 with a maximum penalty of ten years or more, 18 U.S.C. § 3142(e)(3)(A).   18 U.S.C. § 3142(e)(3)(B).   Based upon the proffer and evidence presented at the hearing, this Court finds that the government has established probable cause in this case, therefore the presumption applies.   18 U.S.C. § 3142(g) (1).

    2.  **18 U.S.C. § 3142(g) (2) -- Weight of the Evidence**.   The weight of the evidence against this Defendant is strong.   At the hearing, the government proceeded by way of proffer, with HSI/BSO task force officer Henry Lopez then made available for cross-examination.   The evidence shows that beginning in January, 2016, HSI began investigating a drug trafficking organization (DTO) shipping heroin from India to the United States via mail parcels.   An individual in India (Target 1) sent a parcel containing heroin to an undercover officer (U/C) in South Florida.   After several months, the U/C told Target 1 that he was unable to sell the heroin.   Another DTO member (Target 2) advised the U/C that he would send someone to retrieve the heroin.   On August 9, 2016, Target 2 and Target 3 (later identified as Brown) arranged a meeting location for the exchange with the U/C.   Prior to the meeting, they confirmed that Brown would be picking up 500 grams of heroin and would be paying the U/C $500 for holding onto the drugs.   The U/C and

Brown met in a parking lot, with Brown entering the U/C's vehicle. Inside the car, the U/C, Brown, and Target 2 (on speakerphone) again discussed the details of the transaction. The U/C weighed the packages and confirmed the weight to Brown. Brown then gave the U/C $500 cash, took the packages and exited the vehicle. He was arrested. Post-*Miranda*, Brown admitted that he was sent by Target 2 to pick up the heroin. Upon receiving it, he was supposed to contact Target 2, then deliver the heroin to an unknown person in Fort Lauderdale. He expected to be paid $1500 for his efforts by Target 2. During the transaction, there was another individual present who drove Brown to the parking lot. This individual had a handgun in the glove compartment of the car, which Brown knew about. 18 U.S.C. § 3142(g) (2).

3. **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.** Stephen Brown was born in Jamaica in 1963. He is a lawful permanent resident, having entered the United States in 1981. His parents and five siblings all reside in New York. He is married and has one minor child and two adult children from that relationship. He also has an adult child from a previous relationship. He has lived at the same address in New Rochelle, New York, for the last ten years with his wife and children. Brown completed two years of college at Lehman College in New York, and served in the U.S. Army for about a year. He has been unemployed for the last two years. Prior to that, he owned an auto-broker company. He is in good physical and mental health. He first used marijuana at the age of 22, and uses it on occasion. He also drinks socially. He does not believe he has a substance-abuse problem and has never received treatment. Brown has a 1990 federal conviction for a controlled

substance violation and money laundering. He received a 63 month sentence. Defense counsel proffered that he was free on a personal surety bond during the pendency of that case, and was allowed to voluntarily surrender for service of his sentence, which he did.   18 U.S.C. § 3142(g)(3)(A) and (B).

    4.    **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the statutory presumption and the proffered evidence, including his prior federal drug conviction, the undersigned finds that the Defendant would pose a danger to the community if released.   Because of the substantial prison sentence he is facing and the likelihood of removal if convicted (or even if he is not, based upon the previous federal drug conviction), he also presents a risk of flight.   18 U.S.C. § 3142(g)(4).

    5.   Based upon the above findings of fact, which were supported by the appropriate evidentiary standards, this Court specifically finds that there are no conditions or combination of conditions of release that reasonably will assure the safety of any other person and the community.   18 U.S.C. § 3142(e).

The Court hereby directs:

    (a)   That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    (b)   That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

    (c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 19th day of August, 2016.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to:   All counsel of record