UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-cr-60221-BLOOM

UNITED STATES OF AMERICA

v.

STEPHEN MALONEY BROWN,

        Defendant.

_____/

## FACTUAL PROFFER

The United States of America and STEPHEN MALONEY BROWN ("defendant") agree that if this case had gone to trial, the government would have proven beyond a reasonable doubt the following facts, which occurred in the Southern District of Florida:

1. On January 16, 2016, United States Customs and Border Protection (CBP) Officers were conducting routine random border inspections of mail coming into the United States at the CBP facility located at the John F. Kennedy Airport in Jamaica, New York. Officers identified a parcel addressed to a residence in Lauderdale Lakes, FL. The sender of the parcel was located New Delhi, India.

2. The manifest for the parcel stated that it was a "gift" consisting of "three ties and four shirts, all for marriage and wedding purposes". CBP Officers opened the parcel to inspect it. During physical examination, a tan powdery substance weighing approximately 236 grams was found secreted within tie boxes. The tan powder was extracted, and field tested positive for heroin. It has been submitted for analysis to the DEA Laboratory and tested positive for heroin.

3. On January 19, 2016, JFK HSI Special Agents shipped the parcel from Jamaica, New York to HSI Special Agents in Fort Lauderdale, Florida, the parcel's ultimate destination.

4. On January 25, 2016, the parcel was delivered by an Undercover (UC) law

enforcement officer to a residence in Lauderdale Lakes, Florida, which was the address on the parcel.

5. An individual received the parcel at the residence. The parcel was later recovered and that individual placed under arrest.

6. An Undercover (UC) law enforcement officer began communicating with an individual (Target 1) believed to be in India. Target 1 asked the UC to provide him with a name, address, and phone number to send a parcel containing heroin. Target 1 wanted the UC to sell the heroin and send back the proceeds from the sale of the heroin. The UC provided Target 1 with the requested information.

7. On or about February 7, 2016, Target 1 provided the UC with tracking # EU476044957IN for a parcel which was sent by Target 1 to the UC.

8. Database checks revealed on February 6, 2016, the parcel with tracking # EU476044957IN was shipped via India Post (EMS Speedpost) from India. India Post (EMS Speedpost) is an international courier service which collaborates with the United States Postal Service.

9. On February 14, 2016, United States Customs and Border Protection (CBP) Officers seized the parcel with tracking number EU476044957IN in Jamaica, New York at the CBP JFK mail branch. CBP Officers conducted an enforcement examination and inspected the express mail shipped from India, including the parcel. The parcel was opened and physically examined by CBP Officers. During physical examination a white powdery substance was found secreted within three tie boxes. The white powder was extracted, and field tested positive for heroin, general narcotic compounds, and opiates.

10. On February 15, 2016, JFK HSI Special Agents shipped the parcel from Jamaica, New York to Fort Lauderdale HSI Special Agents in Fort Lauderdale, Florida. The parcel was received by Fort Lauderdale HSI Special Agents on February 16, 2016.

11. Inside the PARCEL were ties, tie boxes, cufflinks, tie clips and dress shirts. The heroin was extracted and delivered to DEA laboratory for examination on February 17, 2016. The submitted heroin weighed approximately 168.7 grams. It has been analyzed and found to be heroin.

12. The UC contacted Target 1 and told him he successfully received the parcel containing heroin.

13. Since January the UC has been in communication with Target. After several months, the UC indicated to Target 1 he could not sell the heroin and Target 1 said he would send someone to pick up the heroin. During the conversations, Target 1 indicated someone (Target 2) would call the UC to coordinate the pick-up of heroin.

14. On or about July 2016, Target 2 contacted the UC and said another individual (Target 3) would contact him to coordinate the pick-up of heroin.

15. On or about August 7, 2016, Target 2 contacted the UC, and told him he would be sending an unknown individual (Target 3) later identified as the defendant Stephen Brown to pick-up the heroin from the UC in Fort Lauderdale. Target 2 indicated Brown would be travelling to Fort Lauderdale, Florida arriving on Monday August 8, 2016.

16. On or about August 9, 2016, Target 2 and Brown contacted the UC to coordinate the pick-up of the heroin.

17. On August 9, 2016, the UC met with Brown in the Publix Parking lot, located at 1940 Cordova Rd, in Fort Lauderdale, Florida.

18.     While Brown was inside the UC vehicle, Target 2 called the UC.  The UC placed the call on speakerphone and Brown, the UC and Target 2 discussed that Brown was going to pick up approximately 500 grams of heroin and pay the UC $500.00 for releasing the heroin.  The UC weighed the "sham" heroin packages and confirmed the weight of the packages with Brown.

19.     In a post-Miranda interview, Brown admitted that he was sent by Target 2 to pick-up heroin from the UC in Fort Lauderdale.  He stated that he arrived in Fort Lauderdale on August 9, 2016 and paid the UC $500.00 for the heroin.  He stated that he was instructed to contact Target 2 upon receiving the heroin.  Target 2 was going to direct Brown to deliver the heroin to an unknown target in Fort Lauderdale.  Brown stated that he was going to be repaid the $500.00 he paid to the UC, and paid $1500.00 in U.S. currency by Target 2.

Accordingly, with respect to Count 1 of the indictment, charging the defendant with a violation of Title 21, United States Code, Section 846, the government would have proven beyond a reasonable doubt that: (1) that two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; (2)

that the defendant, knowing the unlawful purpose of the plan, joined in it; and (3) that the object of the unlawful plan was to possess with the intent to distribute more than one hundred (100) grams of a substance containing a detectable amount of heroin, as charged.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 12/9/2016     By: *[signature]*
                    CYNTHIA R. WOOD
                    ASSISTANT UNITED STATES ATTORNEY

Date: 12/08/16      By: *[signature]*
                    MARK A. DOUGLAS
                    ATTORNEY FOR STEPHEN BROWN

Date: 12/08/16      By: *[signature]*
                    STEPHEN MALONEY BROWN
                    DEFENDANT