**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Criminal Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| | ) **Case No.16-CR-60221-BLOOM** |
| v. | ) |
| | ) |
| **STEPHEN MALOEY BROWN** | ) |
| | ) |
| **Defendant.** | ) |

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now, the Defendant **STEVEN BROWN** by and through undersigned Counsel and files these objections to the Presentence Investigation Report (PSI) and in support states as follows:

1. Defendant objects to the offense level computation. The Offense Level Computation of the advisory sentence begins at paragraph 27 of the PSI. The Defendant agrees that the Guideline upon which to calculate the base Level for the instant offense is 2D1.1. The defendant submits however, the the base level should be determined by reference to § 2D1.1(c)(8), for an offense involving at least 100 g to less than 400 granms of Heroin, the offense to which the defendant plead.

2. The Defendant objects to paragraph 29, outline the offense characteristics and recommending an increase in the offense level by two levels pursuant to §2D1.1(b)(1) for possession of a firearm. The defendant neither actually or constructively possessed the firearm in question. According to the information outlined, Minto, who drove Brown to the site of the transaction, placed the firearm in a glove compartment in Minto's car. It is indicated that Brown told Minto that he did not want any problems with a gun because of his prior conviction.There are not facts alleged that Minto was anywhere near the transaction or in any manner, participated in the transaction. In United States v. Richmond 37 F.3d 418, 419 (8th Cir. 1994)(".in order for §2D1.1(b)(1) to apply, the government has to prove by a preponderance of the evidence that it is not clearly improbable that the weapon had a nexus with the criminal activity". The transaction involved a relatively small sum of $500.00 which Brown handed over to the Undercover officer in the Undercover officer's vehice in a parking lot, a relatively far distance from where Minto, who did not participate in the transation was parked. It is clear Minto was not providing any security or otherwise involved. Even if Minto was alleged to be a co-conspirator and therefore his acts would transfer to Brown, the Court in United States v Saget, 991 F. 2d 702 (CA 11 93), ruled that a co-conspirator's sentence may be enhanced for possession of a dangerous weapon if "(1) the possessor is charged as a conspirator, (2) the defendant who's sentence is to be enhanced was a member of the conspiracy at the time of the firearm possession; and (3) the possession of the firearm was in furtherance of the conspiracy. Citing, " U.S. v. Martinez, 924 F.2d 209, 210 (11th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 203, 116 L.Ed.2d 163 (1991). In Light of this, the

    defendant submits that this §2D1.1(b)(1) should not be applied in this case and there his base level should remain at 24 before the application of the other guideline sections.

3. Defendant agrees that paragraph 30 applying § 5C1.2, the safety valve and the attendant two level reduction.

4. The defendant believes that at paragraph 32, § 3B1.2 should be applied for his role in the offense. This section provides for defendants who have a mitigating role not to the innocent, but for persons who despite their guilt, as compared to other particpants in the criminal activity, the defedant played a minor or minimal role in the crime. It provides for the Court to allow for an adjustment of 2, 3 or 4 levels depending on the role the defendant played. See <u>United States v DePriest</u>, 6 F.3d 1201, 1214 (7th Cir. 1993)[0] In the outline of the factual basis, it is clear that the defendant came into this conspiracy at a very late stage, and was used merely as a pawn for the pickup of the drugs, relying on his financial desperation after significant personal hardships. He did not ship the drug, did not negotiate price or otherwise was he involved in the conspiracy but to do a pickup. As compared to alleged target 1 and target 2, with whom the undercover officer communicated and over time, Brown's role was minor if not minimal or somwhere in between. It is clear from the commentary, that this section was meant to apply to individuals such as Brown who was playing the role of a courier, pickup person or "mule". The defendant therefore moves to have this section apply to his guideline calculations.

---

[0] The 2016 Ammendment to § 3B1.2 by the United States Sentencing Commission adopted the approach of the 7th and 9th Circuits in comparing the defendants role to those of other participants in the conspiracy versus the reasoning of other circuits that compares a defendants role to that of the "universe of persons participating in similar crimes."

5. Paragraph 36 and 37 are appropriately applied pursuant to the plea agreement of the parties that the defendant would benefit from a two level reduction for acceptance of responsibility and a further one level reduction for his timely plea of guilt.

6. Were the Court to agree with the defendants position on the Offense Level Computation, the defendant after all applications would have a total offense level of between 16 and 17, depending on whether the Court finds the conduct to be minor or somewhere in between.

**WHEREFORE,** the Defendant **STEPHEN BROWN** moves this Honorable Court to grant his Objections to the Pre-Sentence Investigation Report, apply a the appropriate guideline sentence and use this as the basis for consideration of any punishment to be meted out in this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished on this 6th day of Febraury 2017 via the Court's CM/ECF system to all parties of record and via mail to Syreta Gould, US Probation Officer, Wilkie D. Ferguson, Jr. Courthouse, 400 North Miami Ave, 9th Floor, Miami, FL. 33128.

Respectfully Submitted,

/S/ Mark A. Douglas
_____
Mark A. Douglas, Esq.
Mark A. Douglas, P.A.
2331 North State Road 7, Suite 106
Lauderdale Lakes, FL 33313
T. (95)4 548-9902
F. (305) 356-3615
Bar. No.: 27701
mark@markdouglaslaw.com
Attorney for Defendant